UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRENDA K. GARAY,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **ANDERSON LIRIANO,** *et al.*, <br><br> **Defendants.** | Civil Action No.  11-1207 (JEB) |

### MEMORANDUM OPINION AND ORDER

On April 14, 2010, Plaintiffs Brenda Garay and her minor daughters Jennifer and Jessica were arrested in their apartment on Fairmont Street, Northwest, in the District of Columbia on the charge of assault.  This occurred after two police officers, Defendants Anderson Liriano and Rafael Sarita, had arrived at the building and enlisted the assistance of the property manager, Tisa Wilson, in opening Plaintiffs' door.

Plaintiffs have now sued both officers, the District of Columbia, Wilson, and her employer Van Metre Columbia Uptown Apartments, L.L.C. for violations of Plaintiffs' constitutional rights under 42 U.S.C. § 1983, as well as for assorted common-law claims.  Although the District and the officers have submitted an Answer, Wilson and Van Metre have now filed a Motion to Dismiss, arguing that the Complaint fails to state a claim upon which relief may be granted.  The Court, agreeing with some of their arguments, will grant the Motion in part and deny it in part.

**I.      Background**

According to the Third Amended Complaint, which must be presumed true for purposes of this Motion, when the officers arrived at Plaintiffs' apartment, they knocked on the door and

1

informed Brenda that they were police officers. Compl. at 3. She refused to open the door and demanded a court order. Id. The officers then went to Defendant Wilson's office and asked her to open the door. Id. She told them that she usually did not do so without a warrant, but "the officers kept insisting that [she] open the door, or they will break it down." Id. She then opened the door with her key, and the officers arrested Brenda and Jennifer. Id. at 4-5. Jessica was arrested later, and Jennifer subsequently was released. Id. at 5. Plaintiffs allege that this arrest for the misdemeanor of simple assault was without probable cause. Id.

Plaintiffs then brought this suit, asserting claims for violations of § 1983 against all Defendants except Van Metre, false arrest and imprisonment against the officers and the District, intentional infliction of emotional distress against all Defendants, malicious prosecution against the officers and the District, and invasion of privacy and trespass against all Defendants.

The District and the officers have filed an Answer, but Wilson and Van Metre have now moved to dismiss the four counts asserted against them.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor. Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993). Although the notice pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted).  Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

**III.   Analysis**

Plaintiffs' § 1983 claim is brought against Wilson alone.  Three additional counts are asserted here against both Wilson and Van Metre: intentional infliction of emotional distress (IIED), invasion of privacy, and trespass.  The Court will deal with each of the four in turn.

A.   § 1983

Plaintiffs' first cause of action against Wilson (but not Van Metre) is for a violation of 42 U.S.C. § 1983.  Section 1983 provides for a cause of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .

To state a claim under § 1983, a plaintiff must plead facts sufficient to allege 1) "the violation of a right secured by the Constitution and the laws of the United States" and 2) "that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The battle here is waged over the second prong.  Was Wilson in fact "a person acting under color of state law"?  Simply because she was not a state employee does not end the analysis.  The D.C. Circuit has held: "Private parties . . . may be deemed to have acted under

3

color of law in two circumstances: when they conspire with state officials, and when they willfully engage in joint activity with a state or its agents." Hoai v. Vo, 935 F.2d 308, 313 (D.C. Cir. 1991) (citations omitted). Wilson argues that she did not "willfully" engage in joint activity with the officers since the Complaint alleges that "'the officers kept insisting that I open the door, or they will break it down. I opened the door . . . .'" Compl. at 3 (quoting Wilson). She is correct.

Almost the identical situation was presented in Harvey v. Plains Township Police Dept., 421 F.3d 185 (3d Cir. 2005), a case Plaintiffs themselves cite. See Opp. at 3. There, a tenant brought a § 1983 suit against her landlord and a police officer, whom she alleged improperly entered her apartment to assist her former boyfriend in retrieving his belongings. In affirming the district court's grant of summary judgment to the landlord, the court assumed that the police officer had ordered the landlord to open the door. See 421 F.3d at 195. The court first noted that the "Supreme Court's language requiring joint action [between the state actor and the private person] or action in concert suggests that some sort of common purpose or intent must be shown." Id. (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 942 (1982)). The court then concluded:

> Although the facts of this situation appear to render Chukinas [the landlord] a "participant," they do not suggest that she was a *willful* participant. [United States v. Price, 383 U.S. 787 (1966)] requires willful participation; a private citizen acting at the orders of a police officer is not generally acting in a willful manner, especially when that citizen has no self-interest in taking the action. *See* Black's Law Dictionary 1593 (defining "willful" as "[v]oluntary and intentional, but not necessarily malicious"); *see also* United States v. Cheape, 889 F.3d 477, 478 (3d Cir. 1989) (noting that the jury found that the defendant's "actions were wilful, and not the product of coercion or duress"). For the reasons just discussed, we believe that the willful participation required under Price means voluntary, uncoerced participation. *See* Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 838 (9th Cir. 1999) ("[W]e would

4

> expect that the private defendant is *not* responsible for the government's compulsion."). Chukinas would therefore not be liable here because she had not willfully participated in the state action, as compulsion by the state negates the presence of willfulness.

Id. at 196 (emphasis original).

The Court sees no material distinction here. Ordering a landlord to open the door appears to be the functional equivalent of threatening to break the door down unless it is opened. The Court thus believes that here, too, Wilson was not a willful participant; as such, she cannot be a state actor for § 1983 purposes. See Hollman v. County of Suffolk, 2011 WL 2446428, at *8 (E.D.N.Y. 2011) (finding no § 1983 liability for private ambulance workers who did not treat decedent where police officers ordered them not to attempt to provide medical treatment, thus rendering them not "willful participants").

Defendants next argue that, if the Court dismisses the § 1983 count, it should dismiss them from the action because there is no longer any federal subject-matter jurisdiction. This ignores the fact that Plaintiffs' § 1983 claims are still proceeding against the District and the police officers. The Court thus may exercise supplemental jurisdiction, formerly known as pendent jurisdiction, over the remaining common-law claims against Wilson and Van Metre.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." This includes "claims that involve the joinder . . . of additional parties." Id.; see also Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 559 (2005) ("§ 1367(a) is a broad jurisdictional grant, with no distinction drawn between pendent-claim and pendent-party cases"); ABF Freight System, Inc. v. International Brotherhood of Teamsters, 645

F.3d 954, 963 (8th Cir. 2011) (as court had original jurisdiction over action against one defendant, it had supplemental jurisdiction over claims against another defendant "as the claims against all defendants arose from the same facts") (citations omitted).

The decision of whether to exercise supplemental jurisdiction where a court has dismissed all federal claims against a party is left to the court's discretion as "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966), quoted in Shekoyan v. Sibley Intern., 409 F.3d 414, 423 (D.C. 2005). When deciding whether to exercise pendent jurisdiction, federal courts should consider "judicial economy, convenience and fairness to litigants." Id. In this case, a dismissal of Wilson and Van Metre would not benefit judicial economy. Because the case is proceeding in this court against the District and the officers, dismissal would mean dual suits in separate fora. In addition, the remaining claims against Wilson and Van Metre are also asserted against the District and the officers. The factors thus militate in favor of exercising supplemental jurisdiction over the claims against Wilson and Van Metre. This is not to say that if the federal claim is ultimately dismissed against the other defendants that the Court may not revisit this issue. For now, the Court will turn to the three state-law causes of action.

    B. IIED

To go forward on an IIED claim, a plaintiff must show that a defendant committed an "outrageous" act that intentionally or recklessly caused the plaintiff severe emotional distress. See Larijani v. Georgetown Univ., 791 A.2d 41, 44 (D.C. 2002). Plaintiffs here must establish that the conduct complained of is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Homan v. Goyal, 711 A.2d 812, 818 (D.C. 1998) (citations omitted).

"Liability will not be imposed for mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." District of Columbia v. Tulin, 994 A.2d 788, 800 (D.C. 2010) (citations and internal quotation marks omitted). The District of Columbia Court of Appeals has held that, although this can be an issue for the court, it should be submitted to the jury if reasonable people could find the conduct complained of meets the "outrageous" standard. See Herbin v. Hoeffel, 806 A.2d 186, 197 (D.C. 2002).

Plaintiffs do not come close to clearing this high bar. For a property manager to use a key to open a tenant's door in normal circumstances, even if improper, could hardly be characterized as outrageous conduct. To do so when accompanied by the police, who are threatening to break down the door, is clearly not the perpetration of a "tort of outrage." Tulin, 994 A.2d at 800-01 (quoting Bettis v. Islamic Republic of Iran, 315 F.3d 325, 326 (D.C. Cir. 2003)).

    C.  Invasion of Privacy

In next moving to dismiss Plaintiffs' invasion-of-privacy claim, Defendants argue that this "tort involves publication of private facts." Mot. at 10. As this did not occur here, they maintain, the cause of action does not lie. Defendants read the tort far too narrowly.

As the D.C.C.A. has explained (in the very case Defendants cite): "Invasion of privacy is not one tort, but a complex of four, each with distinct elements and each describing a separate interest capable of being invaded. The four constituent torts are (1) intrusion upon one's solitude or seclusion; (2) public disclosure of private facts; (3) publicity that places one in a false light in the public eye; and (4) appropriating one's name or likeness for another's benefit." Wolf v. Regardie, 553 A.2d 1213, 1216-17 (D.C. 1989). In quite a lapse, Defendants have omitted all

7

but the third, yet Plaintiffs' claim here is obviously for the first – namely, intrusion upon seclusion.

"The tort of intrusion upon seclusion has three elements: (1) an invasion or interference by physical intrusion, by use of a defendant's sense of sight or hearing, or by use of some other form of investigation or examination; (2) into a place where the plaintiff has secluded himself, or into his private or secret concerns; (3) that would be highly offensive to an ordinary, reasonable person." Id. at 1217 (citations and internal citations omitted). In fact, "the types of invasion intrinsic in the tort" include "entering a plaintiff's home without permission or searching his or her belongings." Id. at 1217-18 (citation omitted). As this is precisely what Plaintiffs have alleged here, dismissal is not appropriate.

### D. Trespass

The D.C. Circuit has held that "[t]he tort of trespass in the District of Columbia is the intentional intrusion of a person or thing upon property that invades and disrupts the owner's exclusive possession of that property." Morgan v. Barry, 12 Fed. Appx. 1, 3 (D.C. Cir. 2000) (internal quotation marks and citations omitted). More specifically, it is "simply an unauthorized entry by one person upon the land of another." Id. (citation omitted). "The question is . . . did [the defendant] go upon [the land] without authority or license from the lawful proprietor?" Id. (citation omitted).

Plaintiffs here allege that Wilson used her spare key to open the apartment, let the officers in, and then entered the apartment herself "behind the officers and stood at or near the door while the officers placed the Plaintiffs' [sic] under arrest." Compl. at 4. Defendants do not argue that, as the property manager, Wilson was somehow not a trespasser when she entered the apartment; instead, they contend that "the allegations do not assert a volitional invasion by Ms.

Wilson" since the unlocking of the door was done only upon police orders. Mot. at 10-11. In addition, they argue that the Complaint never alleges that Wilson entered the premises. Id. at 11. That is simply wrong. The Complaint specifically states that "Wilson also entered the apartment behind the officers." Compl. at 4. Since the Complaint does allege that Wilson entered the apartment herself – and not at the behest of the police – the claim for trespass may proceed. It is worth noting, however, that Plaintiff may be hard pressed to prove any injury from Wilson's entry of the apartment, but that issue is for another day.

### IV.     Conclusion

The Court, therefore, ORDERS that:

1. Defendants' Motion is GRANTED IN PART and DENIED IN PART as set forth above;
2. Count I (§ 1983 claim) is DISMISSED against Wilson, and Count IV (IIED) is DISMISSED against Wilson and Van Metre; and
3. Defendants Wilson and Van Metre shall filed their Answer on or before March 30, 2012.

IT IS SO ORDERED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: Mar. 15, 2012